```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

GERALD J. LINDSLY            :
        Plaintiff,           :   NO. 1:07-cv-588
                             :
  v.                         :   **OPINION AND ORDER**
                             :
MICHAEL WORLEY, et al.,      :
        Defendants.          :

This matter is before the Court on Defendants' Motion to Dismiss (doc. 11), Plaintiff's Memorandum in Opposition (doc. 13), and Defendants' Memorandum in Support (doc. 14). For the reasons indicated herein, the Court DENIES Defendants' Motion.

On July 27, 2007, Plaintiff filed a Complaint against Defendants claiming deprivation of rights under 42 U.S.C. 1983, assault and battery, and negligence (doc. 1). Thereafter, on December 27, 2007, Defendants filed a Motion to Dismiss the Complaint for a failure to comply with Fed. R. Civ. P. 17(c)(2), which prohibits minors or incompetent persons from bringing their own actions without having the ability to properly and justly represent themselves (doc. 11). Defendants argued that Plaintiff was incompetent when the suit was filed and thus violated Civil Rule 17(c)(2) (Id.).

On January 9, 2008, Plaintiff responded, urging the Court to deny the Defendants' Motion to Dismiss (doc. 13). Plaintiff argued that the purpose of Civil Rule 17(c)(2), to protect the

interests of minor and incompetent persons, is only served by requiring a guardian ad litem or next friend if it is actually in a plaintiff's best interest to appoint such a party (Id., citing Thomas v. Humfield, 916 F.2d 1032, 1034 (5th Cir. 1990)). Furthermore, Plaintiff argued, appointment of such a party is not mandatory under Civil Rule 17(c), but is under the Court's discretion because the Rule states that the Court may, in the alternative, "issue another appropriate order" that will "protect a minor or incompetent person who is under-represented in an action" (Id., citing Fed. R. Civ. P. 17(c)(2)). In this case, Plaintiff asserted, even if a next friend would be appropriate, dismissing the case because that party was not appointed would not protect Plaintiff and therefore would not serve the purpose of Civil Rule 17(c) (Id.).

On January 10, 2008, Defendants replied, urging the Court to grant the Motion to Dismiss. Defendants argued that, according to Ohio law, an incompetent plaintiff lacks the capacity to file a suit in the same way that a minor does (doc. 14). Therefore, Defendants argued, because Plaintiff was incompetent at the time when he filed his suit, it must be dismissed (Id.). Once the disability (here, incompetency) is removed, Plaintiff can then file a new suit (Id., citing R.C. 2305.16).

Having reviewed this matter, while the Court finds dismissal is not warranted, in order to protect the interests of

the Plaintiff, the Court finds the substitution of a next friend in accordance with Civ. R. Pro. 17 is appropriate. While the Court may choose to require a next friend or guardian ad litem to file a suit on behalf of the Plaintiff under Civil Rule 17(c)(2), the Court's true goal is to provide justice to both parties. <u>Advanced Magnetics, Inc. v. Bayfront Partners, Inc.</u>, 106 F.3d 11, 20 (2nd Cir. 1997). Civil Rule 15(a) states that Courts should generously grant leave to amend in cases except those where the amendment would be futile. <u>Id.</u> at 18. Where there are inconsequential pleading errors, it would be unjust to allow a defendant to take advantage of an otherwise legitimately filed suit. Fed. R. Civ. P. 15(c) advisory committee's note (1991). Thus, in the interest of justice, where an amendment does not affect the issues or facts of the case but is only with respect to formalities, courts generally allow them freely. <u>Advanced Magnetics</u>, 106 F.3d at 19. Under Rule 15(c), amended complaints will relate back to the date of the original complaint. Fed. R. Civ. P. 15(c).

In this case, where the ultimate goal of the Court is to provide justice to the parties, it would be less just to grant Defendants' Motion to Dismiss, and more just to grant Plaintiff a Motion to Amend by substituting a proper party as a next friend or guardian ad litem. If the Court granted Defendants' Motion to Dismiss, Plaintiff could refile the same suit under the name of an appointed next friend or guardian ad litem. This course of action

would be unnecessarily burdensome to Plaintiff who would have to pay a new filing fee to file an identical claim under a different name.  Additionally, by granting the Motion, the Court would create inefficiency in the judicial system by causing it to retrace the same steps of an identical claim under a different name.  Here, Plaintiff brought the claims for which relief is sought in his original complaint and there is no indication that the mistake was deliberate.  The proposed amendment, to allow Plaintiff to refile under the name of an appointed next friend or guardian ad litem would not be futile, but would allow the suit to proceed properly. Advanced Magnetics, 106 F.3d at 20.  Thus, the mere formality of bringing a suit with identical facts and issues under a different name should not be enough to dismiss the suit.  Plaintiff should be able to bring his claims under the name of a properly appointed party and be able to do so without incurring the burdens of refiling another original suit.

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss for failure to comply with Rule 17(c)(2) (doc. 11) and GRANTS Plaintiff leave to amend his Complaint and appoint a next friend to accord with Civil Rule 17, within thirty days.


SO ORDERED.


Dated: June 5, 2008       /s/ S. Arthur Spiegel
                          S. Arthur Spiegel

                United States Senior District Judge