```
UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF OHIO
       WESTERN DIVISION
```

GERALD J. LINDSLY         :
        Plaintiff,        :    NO. 1:07-cv-588
                          :
   v.                     :    **OPINION AND ORDER**
                          :
MICHAEL WORLEY, et al.,   :
        Defendants.       :

This matter is before the Court on Defendants' Motion for Summary Judgment (doc. 29), Plaintiff's Response in Opposition (doc. 34), and Defendants' Reply in Support (doc. 35). For the reasons stated herein, the Court GRANTS Defendants' Motion.

This case involves claims, brought under 42 U.S.C. § 1983 and Ohio state law, that Hamilton County Sheriff Corrections Officers Michael Worley and Willy Dalid assaulted Plaintiff Gerald Lindsly on August 4, 2006 while Plaintiff was a pre-trial detainee at the Hamilton County Justice Center (doc. 1). The Cincinnati Police had arrested Plaintiff on August 3, 2006 for throwing an ADT security sign through a residence window (doc. 34). At the time Plaintiff filed this lawsuit, he had been released from the Hamilton County Justice Center after a finding of not guilty by reason of insanity and committed to Summit Behavioral Healthcare pursuant to R.C. 2945.40 (doc. 34).

As an initial matter, the Court must determine whether Plaintiff complied with the Prison Litigation Reform Act ("PLRA"),

42 U.S.C. § 1997e, which states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Because it is undisputed that Plaintiff failed to exhaust the administrative remedies available to him through the Hamilton County Sheriff's Department regarding the August 4, 2006 incident, Defendants contend that Plaintiff's § 1983 claim must be dismissed (doc. 29). However, Plaintiff points out that the exhaustion requirement under the PLRA does not apply to former prisoners but only to "plaintiffs who are confined, incarcerated or detained in prison for criminal violations at the time suit is filed" (doc. 34, citing Mabry v. Freeman, 489 F.Supp.2d 782 (E.D. Mich. 2007)). Plaintiff argues that because he was found not guilty by reason of insanity and committed to a mental health facility at the time this lawsuit was filed, he is not considered a prisoner under the PLRA (Id., citing Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001).

Having reviewed this matter, the Court does not find Plaintiff's argument well-taken. Ohio law R.C. 2945.40 controls the commitment of persons found not guilty by reason of insanity. Under R.C. § 2945.40.1:

> (J)(1) A defendant or person who has been committed pursuant to section 2945.39 or 2945.40 of the Revised Code continues to be under the jurisdiction of the trial court until the final termination of the commitment. For

> purposes of division (J) of this section, the final termination of a commitment occurs upon the earlier of one of the following:
>
> (a) The defendant or person no longer is a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order, as determined by the trial court;
>
> (b) The expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity;
>
> (c) The trial court enters an order terminating the commitment under the circumstances described in division (J)(2)(a)(ii) of this section.

Significantly, R.C. § 2921.34 provides that a person detained under R.C. § 2945.40 may be charged with escape for breaking or attempting to break that detention. R.C. §2921.34(C)(2)(c)(ii).

Plaintiff was committed to Summit Behavioral Health pursuant to R.C. 2945.40 at the time he filed the lawsuit, and therefore remained under the jurisdiction of the trial court, having not yet been transferred to civil commitment (doc. 29). Plaintiff was under detention because he was accused of a crime at the time he filed this lawsuit, and therefore a "prisoner" within the meaning of the PLRA required to comply with its exhaustion requirement. 42 U.S.C. § 1997e; see also Witzke v. Femal, 376 F.3d 744 (7th Cir. 2004); Ruggiero v. County of Orange, 386 F.Supp.2d 434 (S.D.N.Y. 2005) (cases finding plaintiff's "prisoners" under PLRA who were

not confined in correctional facilities but still under court supervision). Because Plaintiff did not exhaust his administrative remedies before filing this lawsuit, the Court finds it proper to dismiss without prejudice Plaintiff's 42 U.S.C. § 1983 claim.[1]

Further, because the Court finds dismissal of Plaintiff's federal claim proper, the Court declines to accept pendant jurisdiction over Plaintiff's state law tort claims and Defendants' state law counterclaims. Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996).

For the foregoing reasons, the Court GRANTS Defendants' Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's Federal and State law claims and Defendants' counterclaims.


SO ORDERED.


Dated: May 1, 2009         /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge

---

[1] Because the Court finds this argument dispositive, the Court need not address Defendants' other arguments in support of their summary judgment motion.