UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD J. LINDSLY           :
        Plaintiff,          :    NO. 1:07-cv-588
                            :
    v.                      :    **OPINION AND ORDER**
                            :
MICHAEL WORLEY, et al.,     :
        Defendants.         :


This matter is before the Court on Defendants' Motion for Attorney Fees and Costs (doc. 43), and Plaintiff's Response in Opposition (doc. 46). For the reasons stated herein, the Court DENIES Defendants' Motion (doc. 43).

In its May 4, 2009 Order the Court held "[b]ecause Plaintiff did not exhaust his administrative remedies before filing this lawsuit, the Court finds it proper to dismiss without prejudice Plaintiff's 42 U.S.C. § 1983 claim" (doc. 41). Defendants now move, pursuant to Fed. Civ. R. 54(d) for attorneys' fees and costs in the amount of $27,188.70 (doc. 43). Defendants contend that they are entitled to costs and fees as a prevailing party (Id., citing Local Rule 54.1). As a basis for awarding fees and costs beyond those allowed by local rules, Defendants cite <u>Christianburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1998)), which held that a district court may, in its discretion, award attorneys' fees to a prevailing party in a Civil Rights Act case where the plaintiff's action was frivolous, unreasonable, or without foundation (doc.

43).

In response, Plaintiff argues that Defendants have not shown that they are a prevailing party, and therefore cannot recover costs under Fed. R. Civ. P. 54(a) or the Supreme Court's ruling in Christianburg (doc. 46). Plaintiff notes that in Owens v. Keeling, 461 F.3d 763, 773 (6th Cir. 2006), the Sixth Circuit held that re-filing a complaint alleging the same claims regarding prison conditions after the case was initially dismissed without prejudice, for failure to exhaust administrative remedies pursuant to the PLRA, does not constitute a new lawsuit (doc. 46). Further, Plaintiff cites Dilaura v. Township of Ann Arbor, 471 F.3d 666,669 (6th Cir. 2006), and Williams v. Judge Mary Beth Kelly, 2006 U.S. Dist. LEXIS 25140 (E.D. Mich. 2006), for the proposition that to be considered a prevailing party under Fed. R. Civ. P. 54(d), a party must obtain a judgment based on the merits of the case, and when a complaint is dismissed for failure to exhaust administrative remedies, the dismissal is not on the merits (doc. 46).

The Court finds Plaintiff's position well-taken. After the Court's dismissal without prejudice of Plaintiff's claims for failure to exhaust administrative remedies under the PLRA, Plaintiff re-filed an identical action as a non-incarcerated person outside the restrictions of the PLRA (Id.). Therefore, the Court agrees with Plaintiff that Defendants are not a prevailing party, and not entitled to costs under Fed. R. Civ. P. 54(d). Dilaura, 471

F.3d at 669; <u>Williams</u>, 2006 U.S. Dist LEXIS 25140.   Likewise, as the Court did not consider the merits of Plaintiff's claims in its previous Orders, there is no basis to find the action frivolous, unreasonable, or without foundation, and attorneys' fees under <u>Christiansburg</u> are not warranted. 434 U.S. 412 (1998).

For the foregoing reasons, the Court DENIES Defendants' Motion for Attorney Fees and Costs (doc. 43).


SO ORDERED.


Dated:_July 9, 2009      /s/ S. Arthur Spiegel_____
                         S. Arthur Spiegel
                         United States Senior District Judge